COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


KESTRINI, INC. T/A
 GRAPEVINE RESTAURANT
                                    MEMORANDUM OPINION[*]
v.   Record No. 2841-96-4              PER CURIAM
                                     APRIL 29, 1997
PATRICIA ANNE RUSSELL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Francis Chester, on brief), for appellant.

          (Gregory F. Hutchinson, on brief), for
          appellee.


     Kestrini, Inc. t/a Grapevine Restaurant (employer) contends

that the Workers' Compensation Commission (commission) erred in

finding that Patricia Anne Russell (claimant) proved that she

sustained an injury by accident arising out of and in the course

of her employment on June 19, 1995.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that on June 19, 1995,

claimant, a waitress, slipped and fell on a wet floor at work,

pinning her right hand underneath her.  Claimant testified that

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

no one witnessed the accident. However, she stated that she told Gail Manilla, a co-worker, and Anastasios Diniz, the owner of the restaurant, about her fall. Manilla and Diniz did not recall the incident. In addition, Diniz's wife testified that claimant did not report the accident. Tim Pullen, claimant's friend, testified that around midnight on June 20, 1995 claimant came to his house, told him that she fell at work, that she needed to go to the hospital and that she asked him to take her. Pullen recalled that claimant's hand was swollen and she appeared to be in discomfort.

The June 20, 1995 emergency room records indicate that claimant gave a history of the accident consistent with her testimony. In addition, she gave the same history to her subsequent treating physicians. Claimant's treating physicians opined that her right wrist condition was caused by the accident as described by her.

In rendering its decision, the commission found: The Deputy Commissioner determined that the claimant was a credible witness and found that she had met her burden of proving a compensable injury. We agree.

> The Uninsured Employer's Fund, in its brief, concedes that the claimant injured her wrist but alleges that it must have occurred after work. No evidence was offered to support this defense. We cannot deny benefits based on unsupported speculation. The claimant indicated that she fell on her arm and sought treatment late that night. The medical records are consistent with her version of events. Although there was conflicting testimony, we find that the claimant sustained a compensable injury.

2

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's testimony, which was corroborated by the medical histories and Tim Pullen's testimony, provides credible evidence to support the commission's finding that she proved an identifiable incident resulting in a sudden mechanical change in her body. Thus, that finding is conclusive on this appeal. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the testimony of employer's witnesses, and resolved any inconsistencies between this evidence and the testimony of claimant and Pullen in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Id.</u>

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>